Henderson v. Manuel, 2016 NCBC 88.

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| COUNTY OF GUILFORD | | 09 CVS 7254 |

| | | |
|---|---|---|
| TIMOTHY H. HENDERSON, CANDACE K. HENDERSON, CHARLES T. HENDERSON, AERO ACCESSORIES INC., LILLY LAND MANAGEMENT, a North Carolina General Partnership, L.I.L.L.Y LAND MANAGEMENT, LLC and EASTERN AERO, LLC, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| VIRGIL LAWRENCE MANUEL, JR., CONNIE MANUEL, a/k/a "CONSTANCE K. MANUEL," MICHAEL A. JAKIELSKI, CPA, P.A., f/k/a MANUEL, JAKIELSKI & ASSOCIATES, P.A., ANTILLES HOLDING COMPANY, LLC, ANTILLES SEAPLANES, LLC, GRUMAN SEAPLANES, LLC, WATER FOWL RENTALS, LLC, SPRINGWOOD SOD FARM, LLC, AIRCRAFT EQUIPMENT CO., LLC, SPECTRUM INSURANCE SERVICES, LLC, SPECTRUM FINANCIAL INTERNATIONAL, LLC, SPECTRUM INTERNATIONAL HOLDINGS, LLC, VITIM, LLC, PHILIP E. CARROLL, and CARROLL & ASSOCIATES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER AND FINAL JUDGMENT |
| Defendants and Third-Party Plaintiffs, v. | ) ) ) ) ) | |
| BETELGEUSE, LLC, | ) ) ) | |
| Third-Party Defendant. | ) | |

1.   THIS MATTER is before the Court for the final determination of damages to be awarded to Plaintiffs Timothy H. Henderson ("Tim Henderson"), Charles T. Henderson ("Charles Henderson"), and Aero Accessories, Inc. ("Aero") pursuant to the measure of damages established by the Court's summary judgment orders entered on July 20, 2016.  Plaintiffs, having now withdrawn certain claims, contend that damages can be determined based on uncontested facts and a final judgment may be entered.

> *Younce & Moore, LLP, by Larry I. Moore, III, for Plaintiffs' Tim Henderson, Aero Accessories, Inc., and Eastern Aero, LLC.*
>
> *Brooks Pierce McLendon Humphrey & Leonard, LLP, by Jeffrey E. Oleynik, and John W. Ormand III, for Plaintiff Charles Henderson.*
>
> *Holt, Longest, Wall, Blaetz & Moseley, PLLC, by N. Madison Wall, II, for Plaintiffs Lilly Land Management and L.I.L.L.Y. Land Management, LLC.*
>
> *McLawhorn & Associates, P.A., by Amy Alston Wells, for Defendants Phillip E. Carroll and Carroll & Associates, Inc.*
>
> *Law Offices of James F. Hopf, PLLC, by James F. Hopf, for Defendants Virgil Lawrence Manuel, Jr., Connie Manuel a/k/a "Constance K. Manuel," Antilles Holding Company, LLC, Antilles Seaplanes, LLC, Grumman Seaplanes, LLC, Water Fowl Rentals, LLC, Springwood Sod Farm, LLC, Aircraft Equipment Co., LLC, Spectrum Insurance Services, LLC, Spectrum Financial International, LLC, and Spectrum International Holdings, LLC.*
>
> *Oertel, Koonts, & Oertel, PLLC, by F. Paul Koonts, for Defendants Michael A. Jakielski, CPA, P.A., f/k/a Manuel, Jakielski & Associates, P.A.*

Gale, Chief Judge.

2.   This Court entered four separate summary judgment orders on behalf of the various Plaintiffs, on July 20, 2016.  Collectively, these orders resolved all issues as to liability.  The Court reserved its determination of damages that should

be awarded based on three of Plaintiffs' causes of action, but established a standard by which the damages would be measured. Earlier, the Court had referred various matters to a court appointed Special Master. The Court adopted the Special Master's findings stated in his Final Report, which was submitted to the Court on August 1, 2013.

3. This Order and Final Judgment now addresses the reserved issue as to the amount of damages to be awarded to Plaintiffs Tim Henderson, Charles Henderson, and Aero, against Defendant Virgil L. Manuel, Jr. ("Manuel"), as a proximate result of Manuel's breach of fiduciary duty, constructive fraud, and unjust enrichment.

4. Finding it could do so based upon uncontested facts, the Court on July 20, 2016, entered its Order and Summary Judgment as to Defendants' Counterclaims and Third-Party Claims, and with Respect to Certain Specified Claims of Plaintiffs (the "Subject Order"). Order, *Henderson v. Manuel*, No. 09-CVS-7254 (N.C. Super. Ct. July 20, 2016). The Subject Order decreed partial summary judgment as to liability against Manuel and in favor of Tim Henderson, Charles Henderson, and Aero with respect to their respective causes of action for breach of fiduciary duty, constructive fraud, and unjust enrichment. Order, *Henderson v. Manuel*, No. 09-CVS-7254, slip op. at 53 (N.C. Super. Ct. July 20, 2016). The Subject Order specified the measure by which to assess the damages proximately resulting from those three causes of action. *See* Order, *Henderson v. Manuel*, No. 09-CVS-7254, slip op. at 49-51 (N.C. Super. Ct. July 20, 2016).

5. On August 9, 2016, this Court convened a telephone status conference to establish the procedure to finalize the determination of damages consistent with the Subject Order. Prior to the conference, counsel suggested that the determination might be made based on undisputed findings, if one or more Plaintiffs could make concessions. During the conference, Plaintiffs' counsel affirmed that Plaintiffs would consider a limitation on their damages, if the Court determined that these damages could be calculated based on the undisputed facts, without the necessity of further proceedings.

6. More specifically, Plaintiffs Tim Henderson, Charles Henderson, and Aero contend that there is no genuine issue of material fact as to the amount of damages that should be awarded pursuant to the measure of damages specified in the first clause of paragraph 163.a.i. of the Subject Order, and such damages may be determined based on record evidence supporting their contentions.

7. Paragraph 163.a.i. of the Subject Order provides that Plaintiffs' injuries for Manuel's breaches of fiduciary duty include the "money paid and in-kind contributions made by Tim Henderson or Aero to support the Antilles Companies after Manuel commenced the undisclosed unauthorized withdrawals, net of any moneys received by Tim Henderson or Aero." Order, *Henderson v. Manuel*, No. 09-CVS-7254, slip op. at 49 (N.C. Super. Ct. July 20, 2016). The amounts contributed after those withdrawals commenced can be established based on uncontested facts.

8. The Court concludes that uncontested matters of record support the following findings, which allow a final determination of the amount of damages that

should be awarded pursuant to paragraph 163.a.i. of the Subject Order for contributions made after Manuel commenced the undisclosed unauthorized withdrawals.

9. It is uncontested that Manuel commenced the undisclosed unauthorized withdrawals on or before June 13, 2001. (*See* Final Report Ex. 26, 27 (checks drawn by Manuel on Antilles Holding Company account, payable to account 1010003059, and bank statement bearing Bates # COM-1-000947 provided in response to subpoena by CommunityOne Bank, successor to First National Bank and Alamance National Bank, disclosing that account 1010003059 was held by Manuel's wife, Defendant Connie K. Manuel).)

10. The amount of those contributions have also been established. The Special Master found, and the Court adopted his finding, that the total amount of money paid and in-kind contributions made by Tim Henderson, Aero, or other Henderson Interests to support the Antilles Companies from 2001–2005, net of any moneys received, was $3,088,921.00. (Final Report 4.)

11. As specified by the measure of damages established by paragraph 163.a.i. of the Subject Order, the $3,088,921.00 contributed by Tim Henderson and the Henderson Interests from 2001–2005 should be reduced by the sum of all contributions made before Manuel commenced the undisclosed unauthorized withdrawals (*i.e.,* before June 13, 2001). The Special Master found the sum of such contributions before June 13, 2001, to be $147,966.96. (*See* Final Report at 19 L33-34, 22 L31-32, and 28 (referencing Heather Hoffecker's affidavit and Aero's

supporting spreadsheet data and general ledger account analysis); *see also* Aero's spreadsheets for general ledger accounts 105 (Antilles Seaplanes) and 103 (Grumman Seaplanes), which were used by the Special Master to calculate Aero expenditures for the benefit of ASP or GSP.) The Court concludes that the separate sum of $3,200.00 contributed by Avalon Hydro, a business entity owned jointly by Tim Henderson and Chuck Henderson, should also be subtracted because this sum was contributed at an unknown date in 2001. (Final Report 13, L57.)

12. Subtracting the $147,966.96 and $3,200.00 contributions paid before June 13, 2001, leaves the sum of $2,937,754.04 ($3,088,921.00 - $147,966.96 - $3,200.00 = $2,937,754.04), as money paid to or for the benefit of the Antilles Companies after Manuel commenced his undisclosed unauthorized withdrawals.

13. Accordingly, the Court finds that the amount of damages to be awarded as a proximate cause of Manuel's breach of fiduciary duty, constructive fraud, and unjust enrichment, pursuant to the measure of damages specified in the first clause of paragraph 163.a.i. of the Subject Order, is $2,937,754.04, and Plaintiffs are entitled to a judgment against Defendant Manuel for their causes of action in that amount.

14. Plaintiffs have now withdrawn their request that the Court award any other element of damages specified in paragraphs 163 and 166-169 of the Subject Order, conditioned on a right to reinstate a claim for these amounts in the event the Defendants successfully appeal this Order and Final Judgment.

15. Plaintiffs have also withdrawn their request that costs be assessed, subject to the same reservation.

16. Plaintiffs have now also dismissed without prejudice all of their claims that are not addressed by this Order and Final Judgment or the Court's prior summary judgment orders entered on July 20, 2016.

17. Plaintiffs have also filed stipulations and notices of dismissal as to the remaining defendants, Philip E. Carroll, Carroll & Associates, Inc., and Michael A. Jakielski, CPA, P.A., f/k/a Manuel, Jakielski & Associates, P.A.

18. Therefore, based upon the foregoing uncontested facts and applicable law, it is hereby ORDERED that the Court's July 20, 2016 Order and Summary Judgment as to Defendants' Counterclaims and Third-Party Claims, and with Respect to Certain Specified Claims of Plaintiffs is hereby amended so as to expressly incorporate the provisions of this Order and Final Judgment as set forth above. Section III, "Order and Judgment" of the Subject Order is restated and amended to state in its entirety the following ten paragraphs:

1. Plaintiffs' summary judgment motions are GRANTED as to liability, with damages as set forth below.

2. Summary judgment is entered against Defendants/Counterclaim Plaintiffs, and in favor of Plaintiffs/Counterclaim Defendants and Third-Party Defendant, with respect to all remaining counterclaims and third-party claims, and these counterclaims are DISMISSED.

3. With respect to Tim Henderson's claim for declaratory relief under Count 3 of the Complaint, the Court enters summary judgment in favor of Tim Henderson, and declares, pursuant to N.C.G.S §1-253, that Tim Henderson's membership and participation in Antilles Holding Company, LLC, Antilles Seaplanes, LLC, Grumman Seaplanes, LLC, and all other members or affiliates of the Antilles Companies or the Antilles Project terminated as of November 30, 2005, and that neither Tim Henderson nor any of the Henderson Interests have any obligations to or liability for the Antilles Companies or the Antilles Project.

4. Partial summary judgment is entered against Manuel and in favor of Tim Henderson, Charles Henderson, and Aero with respect to their causes of action for breach of fiduciary duty, constructive fraud, and unjust enrichment, and such Plaintiffs are entitled to recover in the sum of $2,937,754.04 from Manuel.

5. Summary judgment is entered in favor of Tim Henderson and Aero and against Manuel in the sum of $249,627.00, with respect to their cause of action for conversion, together with prejudgment and post-judgment interest accruing on that amount at the legal rate from and after May 15, 2009.

6. Summary judgment is entered in favor of Tim Henderson and against Manuel in the principal amount of $50,000.00 with respect to the July 22, 2004 Manuel Promissory Note, with interest accruing thereon, as provided by the terms of the Manuel Promissory Note, which provides for a contracted rate of eight percent annually from July 23, 2004, until October 22, 2004, and thereafter at a rate of 12 percent annually until all sums due are paid in full.

7.     Summary judgment is entered in favor of Chuck Henderson and Tim Henderson and against Manuel in the principal amount of $79,302.40, together with pre-judgment and post-judgment interest thereon at the annual rate of twenty percent from July 22, 2004, until all sums due thereunder are paid in full, with respect to Manuel's guaranty of the April 4, 2004 "Antilles" promissory note issued originally to Dr. Willard R. Thompson and subsequently assigned to the Hendersons.

8.     Any partial payments on the judgment amounts awarded above shall be applied first to accrued interest prior to any reduction of principal balances.

9.     All claims having now been resolved, this judgment shall be deemed final on all claims and counterclaims in this action.

10.     Subject to Plaintiffs' reservation of rights to seek costs in the event of Manuel's successful appeal, each party shall pay its own costs.

IT IS SO ORDERED, this the 22nd day of November, 2016.


                                        /s/ James L. Gale
                                        James L. Gale
                                        Chief Business Court Judge